First case for argument United States v. Drew Clark Thank you Mr. Copey Good morning your honors and may it please the court Counsel My name is Abe Copey I am here to represent the appellant Drew Clark We're asking that this court reverse counts 2 through 5 because the government failed to deduce sufficient evidence in this case that the vehicle thefts fell within the narrow scope of the federal carjacking statute. I will turn first to counts 2 through 3 which deal with the Dodge Ram pickup truck that was taken from the Bootsy facility. We believe the court should reverse those convictions because even looking at the evidence in the light most favorable to the verdict, the government's exhibit 6C plainly documents a nonviolent taking of that pickup truck. It was unoccupied at the time, the keys were left in the vehicle as well. The statute doesn't say taking from a person From the presence of another It says taking from a presence Yes your honor that's correct I didn't see any presence cases cited that is carjacking prosecutions when the car was on an auto dealer's lot or otherwise a company's premises. Can you give me the cases you would be relying on in that regard? Your honor I don't believe we're challenging the presence requirement in this case we're Can you answer the question? Do you have any presence cases carjacking from company premises where there are people guarding the premises but not otherwise part of, they're not like drivers Your honor I don't believe we cited any case in our brief to that effect Have you found any? No your honor I have not I'm sorry. That being said though I think the force requirement element is what we are saying the government did not produce sufficient evidence of because again at the time Mr. Clark got into the vehicle and began to drive it away there was no evidence that he used any force to accomplish that taking He used premises force before he left the premises Before he left the Bootsy facility there was evidence that he brandished a firearm that is correct your honor. Our argument is that the taking was already complete at the time he was in the vehicle by himself and he began to drive away It wasn't as a practical matter you could say that he had possession or control momentarily but he hadn't completed the taking Your honor I believe actually this court's case law in Patruck as well as the other cases cited by the government I know Patruck very well and it is totally distinguishable from this case That was the second taking case. This is arguably that but it's more Well then your honor I would also point the court to the Holloway decision by the Supreme Court which said that we're really supposed to look at the precise moment that the taking occurs So they actually and I know your honor was on the panel and Patruck endorsed that view that taking is a very narrow element and that taking has to be completed before carrying away can begin That was true at common law. It's embodied in the federal carjacking statute That wasn't an issue in Patruck. I mean I didn't write it but the focus was on what happened 10 or 15 minutes later in a totally different environment when the owner who had been deprived caught up with the perp so to speak Yes your honor and the court found that in that instance that was using force to retain possession of the vehicle We would argue the same is true here when Mr. Clark encountered DB He did use a firearm. So what's the standard review on that? We take the evidence in the light most favorable to the verdict your honor Isn't it clear error? I don't believe so your honor I believe Taking is not a question of fact No your honor because I think there is a legal definition that has to be met for this court to review de novo Obviously again when we're doing sufficiency we look at it in the light most favorable to the verdict Is the jury tied to the Oklahoma statutory definition of taking? No your honor but I think it's Were the Holloway instructions given here? There was a instruction I believe very similar to what was approved in Holloway as well as in the Wright case Why is this case not like Wright? It seems like Wright seems to be very close to what we have here Where I think they're distinguishable your honor is and this court clarified in Patruck That Wright stands for the proposition that when forced court coincides with the taking So in other words the way I read Wright is that the tie goes to the government Where it's impossible to really demark where the taking occurred and when the force began Then that is sufficient evidence but here But in Wright as I understand it The thief had already gotten in the car He had taken possession of it in the sense he was driving it And the car valet at the hotel tried to stop him from taking it outside the fenced valet area How is that any different than our situation where he's in the truck Has possession of it and somebody wants to stop him from taking it outside the fenced area I mean they seem very analogous I believe the key fact that distinguishes them is in Wright The thief had not moved the car anywhere yet before the valet got in front of it And so this court determined that that was coinciding with the use of force and that was sufficient So the court trumps the jury by deciding that the few feet here Instead of a foot and a half it was 20 feet or however many And we decide that I believe under this court's case law it does dictate that there was not sufficient evidence Because it was a legal definition of taking that the facts did not establish If you have general dicta on a case that's entirely different That doesn't deprive a jury of its duty and right to apply the proper instruction to these facts Your honor I think just looking at Patruck for example I mean that would have been another instance where I mean this court did find that the jury Even though the jury came back guilty they found that the evidence was not sufficient to meet the legal definition of taking And we would argue the court should do the same in this case as well So what is your basis for distinction Wright just to be clear Is it the distance the vehicle traveled or is it the amount of time that occurred or is it both I believe it's that the force in that case coincided with the taking So before the driver the vehicle thief moved the vehicle anywhere The valet jumped in front of the car and so Does the record in Wright show the amount of time that elapsed Between the perp getting into the car and the valet trying to stop it No your honor I believe that's why the court found that the verdict should be upheld Because it was a split second occurrence there was no way to really And what does the record show about the timing here in this case Your honor I don't believe anyone testified to a specific time frame However looking at exhibit 6C which is Well isn't that kind of a bit of a problem if you're arguing that the timing is the critical element here Yes your honor and that's why exhibit 6C does begin at 1146 a.m. That's when and then that exhibits when the thief gets into the vehicle Exhibit 6D which documents DB getting in front of the vehicle to block it That starts at 1148 and so I think there's probably about a minute between When the thief gets in the vehicle and when he encounters DB looking at those two exhibits But he hasn't moved the vehicle in that time No he has your honor he's driven it from the back of the Bootsy Yes and I believe DB himself testified that you know he couldn't he was so far away He couldn't even see the thief get into the vehicle So there is a distance between these two points as well as some time difference And so our argument is just that by the time he encounters DB he's the only one in that vehicle It's the same premises It is the same premises You don't have a premises case supporting your argument No your honor but I do think I mean that's a you know it is what it is But I would point this court There isn't any precedent I would point this court to in Wright again all the court said is that The thief has to acquire possession of the vehicle for some period of time And again if you look at Holloway it endorsed a very narrow time frame It said the precise moment that the thief takes control of the vehicle That's when we're supposed to be looking at So I would argue again that it's not so much distance It's that the time separating the use of force Because of this court again said in Patrack If the thief is already in control of the vehicle And then uses force later Well then the taking of the vehicle was not accomplished by the use of force Which is what the plain language of the statute requires And I would also point to DB's own words This is on volume one of the trial transcript page 221 Where he says you know the thief had taken our truck And I was trying to stop him from getting away with it So our position not only I think is grounded in the statutory text As well as the case law But also just the normal usage of the word taking As demonstrated by DB's own words there How about the brandishing factor Does that have is there any case law on the timing there And I think the court did encounter that issue in Long Pumpkin It has to be during the carjacking It has to be And I think the court actually ended up reversing the 924 conviction in Long Pumpkin Because they said the carjacking was accomplished Before the brandishing of the firearm occurred That's my recollection So the carjacker that doesn't brandish a gun Until somebody two blocks away goes like this Gets away without the brandishing I believe so your honor If the carjacking was already accomplished at that point Then I don't believe they were using the firearm And is there a case that flat out says that I believe my recollection is the Long Pumpkin case Did decide that And they did reverse that 924J conviction I can turn briefly to our second point Which has to do with the vehicle that was taken from T.G. at her house We believe again that this falls outside the narrow scope of the carjacking statute And I should be clear we're not saying that the conduct Taking in the light most favorable to the verdict Isn't illegal in any sense It probably violates numerous state criminal statutes It's just that it doesn't fall within this federal statute that is very narrow Again as far as counts 4 and 5 are concerned There's no evidence that Mr. Clark ever demanded her vehicle from her He didn't even ask for her keys or to look through her purse He going from her own testimony said that he was not going to hurt her He put her in the bathroom Given the context he was in a spree of carjacking Arguably at this point I mean the jury Can't the jury look at more than just the moments around there To determine what was going on in this case Or do you think it just comes down to those couple of minutes That encompass the interaction with the victim in this particular incident Your honor the government does raise that argument about 404B essentially And we would agree I think that the jury is allowed to look at all the evidence holistically However I think if you contrast for example The convictions having to do that were not challenging At the Purina facility I think they just show the differences in that case In the other carjacking Mr. Clark is fleeing from Purina security Is in a real haste to get that vehicle And so he actually does point a gun and say Give me your car or I'm going to shoot you essentially That's just not true here There's no one pursuing him He never actually asked for the vehicle Under the government's own view of the evidence Mr. Clark still had the truck from Bootsy that he could drive away with And so we don't believe again that there was any Intent by him That can be proven that he was going to kill Or seriously physically harm her In order to get a vehicle that he never asked for I assume this is clear error review on this issue Your honor we did raise a Judgment of acquittal on this issue The district court did Give a reasoning for why he was denying it So again I think it should be Reviewed in the light most favorable to the verdict But if not we still think Okay so then it JMO So it is clear error review Of the jury verdict Well it's I think in the light most It's even more deferential than clear error review I think you could interpret that way I mean I think we do have to take all the evidentiary inferences In favorable of the verdict And only if no reasonable jury could Could find that a conviction occurred then Then the court must affirm But we don't think the government has met its burden in this case On any of those counts mentioned And if it's okay with the court I will reserve the rest of my time for rebuttal Thank you Mr. Finlan May it please the court Ryan Finlan on behalf of the United States I want to pick up where your honor left off As far as the standard of review goes The standard of review is the same as In the district court Where all reasonable inferences are resolved in favor of the verdict So the burden for the defendants is extraordinarily high On all the issues Well yes your honor because Because these are The counts two and three I guess it is Two, three, four and five your honor Because this is a sufficiency of the evidence challenge Which means that not only does the Defendant have the burden of showing that He has, excuse me The burden of showing that there is no Interpretation that a reasonable jury could reach That supports the elements of these offenses Well isn't the definition of a taking though a legal issue The definition, that's correct It is a legal issue It's a de novo review as to the legal issues And as to the definition of a taking If you look through Wright Through Patruck Through Long Pumpkin A taking is defined as the acquisition of a robber Of possession, dominion or control of the property For some period of time Let me stop you If the district court Defines the word taking in an instruction That is not objected to Can we simply go through and ignore the instruction And ignore the verdict And say well we wouldn't define it that way The legal issue would be reviewed de novo Well wait a minute There's been an unobjected to instruction The purpose of instructions Is to tell a jury what the law is And then the jury decides based on that law And that's correct And since there was no objection That challenge would be waived Was there objection here to the instruction? Not at all By either side Then it's not de novo Is it? No, it is a waived You're correct It is a waived argument Forfeit Waived or clear error Yes, plain error Thank you, Your Honor But once you establish that definition It's the acquisition of dominion, possession or control Meaning that you set up a binary choice You either have dominion Or you have possession Or you have control Or you do not Where you have a defendant who is shy of those things Such that there's an obstacle that must be overcome by force You have a carjacking Which is the case we have here The district court set forth two alternatives For finding a carjacking One is that the taking was ongoing Essentially that Mr. Clark had not Secured dominion, possession or control From the time he got into the car Until he reached the fence and met Mr. Becker What are the facts preceding the time where he Gets to the fence? I mean, was he driving around at that point? He was driving So there's a So he was driving the vehicle Unencumbered By anyone else At that point But the government's argument was He didn't have control of the vehicle at that point Or there was no taking Because he couldn't take it further than that point Out of the fenced area? That's correct And I think Wright's instructive on that point I know Your Honor asked about the timing in Wright Wright The valet in Wright suggested that It was up to 30 seconds That the defendant was in the vehicle And that he had Was able to put the car in drive Until the valet got in front of him Very similar here where Sure, Mr. Clark could operate that vehicle But he wasn't Well, he drove it He drove it He could operate it It's different It seems to me there's a difference How important it is, I don't know Between putting it here and not being able to move And driving around in it And not being able to go as far as you want And I think there is an important difference And I think the difference is that You could say that he has control to a certain extent But I don't think you can say he has secured control All carjackings have this element of Dual control for a period of time Even Mr. Anand's carjacking If you'll recall, Mr. Anand was in his car About ready to shut the door Such that he had control over his car But the defendant blocked him from shutting the door Now the defendant has exercised some degree of control over that car Do you have a premises case? We do, we have Wright That was taken from a person By the time he It was either his, I can't remember if it was his car Or if he had been a passenger He maybe wasn't pulled out of the driver's seat But he was there by the car No, that's correct That was a taking from a person Correct This is a taking from a premises Which is not carjacking Until there's a presence of a person Who says you can't do that And I think that gets to the point of what happens at the fence You have a case like this The case that we cited would include the truck Which of course this court found was not That was taking from, well it was taking from a home The person being on his way You still gotta, it's still different Here there was no, this was an unoccupied company car In the closest analogous case such that it's a premise Would be Wright Again, there's some distance between the time, temporal and spatial What about an auto dealer? I mean, auto dealerships have cars Loaners and everything else sitting in the lot with the keys in them Your Honor, I would submit that I imagine there hasn't been, maybe the government's never found one of those Or doesn't care about it I would submit that it would be difficult for the government To prove that that would be a carjacking If there is no person around So the statute says presence Correct, if there's no presence of another If there's no one Well a car dealer's got a lot of people are present Who don't want to see the cars jacked There's also a So they run out or they block the gate Or they do all kinds of things And it's surprising to me that that's never been Prosecuted under the carjacking statute Or none of you can find the cases To answer your point, Your Honor, no I cannot find a case matching those facts The closest ones I have are Wright and Long Pumpkin And then the distinguishable case of Petrach So Wright is your closest case But would you concede it's a closer call here than it was in Wright? I would concede yes You're closer to the edge of the statute here than Wright I'm closer to the edge of the statute But there's also a second alternative that we found from Long Pumpkin Which is even if the court finds that the taking was complete Once he started driving toward the fence He's still boxed in, he's stuck He's pinned, whatever term you want to use And he cannot control or secure control Until he points that gun at Mr. Becker So it's analogous to the second taking aspect of Long Pumpkin So if the court looks at this as one of those other alternatives The second taking is more analogous to Long Pumpkin The ongoing taking is more analogous to Wright So the difference between Petrach and Long Pumpkin on the second taking What's the government's view? Because we rejected the second taking in Petrach, if I recall You did Why is this more like Long Pumpkin? Well, getting back to Petrach Petrach had a situation where Mr. Petrach was driving down the open road And he didn't have anyone in front of him He had the open road He could go as far as that road would take him He had someone pursuing him that he decided to stop the car Decided to get out, decided to walk backwards So there was no obstacle You're talking about Petrach That's right The question was Long Pumpkin With Long Pumpkin, there's three alternatives One, the court could have found that the carjacking was committed by Saul Crow Before they ever got to the hotel The other alternative was that the taking wasn't complete until Full control of the van was secured by Mr. Long Pumpkin By dragging him out of the driver's seat And then the third alternative from Long Pumpkin was that Saul Crow lost control such that Mr. Moore, our victim, is sitting there alone in the car And then Long Pumpkin regained control By entering the car and assaulting our victim So which one of those works for you here? That's what I'm struggling with What works for us here is that you focus If you look at the second taking Such that the victim had control moments before Long Pumpkin entered That's more the situation where we have at the moment of the fence Where there's a second taking at the moment of the fence Because the defendant couldn't secure But there Long Pumpkin was out of the vehicle Used force to extract the driver And that was the taking, instantaneous at that point, right? And here that's not what we have I mean the facts are I understand the facts You don't have a case directly on point These are strange They're different cases But that seems quite a bit different in this case Because you have a car You have the defendant here who was in control of the car Driving around And was never removed from the vehicle And to answer your point The facts are distinguishable The principles are the same Because you are, as the court has set forth That the possession, dominion, or control must be As the terms used in Petruk secured In the other cases they say acquired And all we have to do here is say the jury could have Latched on to one of the Say two theories that you're putting forth here Not only that The jury could have done that But the court would have to even go further for the defendant to prevail And say no reasonable jury could have found Either or of these two alternatives Turning to the second carjacking of T.G.'s Jeep There's no meaningful distinction between T.G.'s Jeep carjacking And the carjacking we saw in Castile I didn't In Castile, your honor It's the 2011 case Yes, 2011 case Both involved Burglaries into occupied homes There was an imbalance of power Whereas in Castile you had multiple defendants Armed with firearms Here you had a defendant with a firearm There's testimony that T.G. is only five foot two The defendant is six feet There's brandishing and there's physical restraint of the victim This was a presence case where The keys to T.G.'s Jeep were taken From her presence because she was overpowered Such that she couldn't retain possession of her Jeep But for the fear of violence And intimidation I know your honor asked My opposing counsel whether or not The court can look at facts Throughout the day And if Excuse me, the jury could Of course they could This was a three and a half hour Ordeal Where the defendant attempted to take five cars The first was a tan truck Then the busy truck Then he broke into Mr. Paniello's home And then he Broke into T.G.'s home And then he carjacked Mr. Ananda, Purina Do the brandishing counts live or die With the carjacking counts here? I mean, is it the same analysis? They do They rise and fall with the underlying Or their subordinate carjacking counts Well, you could have carjacking without brandishing That's correct, your honor I don't think that's being argued I couldn't tell from the brief I think it's an interesting question That's why I asked about the timing Do they have to be coincidental or simultaneous? Yes To me, logically not But I Everything Nothing being argued here is logical to me Well, there is an additional element of the 924C charge Which is not only do you have to find the underlying count But you also have to find that that firearm Furthered the carjackings Here it's axiomatic The firearm was the force used in the Busey carjacking The firearm was the force used Even if the carjacking was completed? Yes If the carjacking was completed The firearm is furthering that carjacking by preventing So if it was 10 miles away And somebody got in his way And he pointed the gun out the window? Which aren't the facts here But I could see a reasonable jury coming back with a verdict Saying that firearm furthered my escape They cut a case like that? Not on point Because it's not part of the facts here The firearms were used simultaneously It was a big part of Patruck I mean, he managed He snuck off with the car from the home when nobody was looking And when the owner caught up with him Then the gun came out of the force It was But, Your Honor, in Patruck it was a hammer used So there was no 924C at issue in Patruck Because there is ample evidence supporting the jury's verdict The United States requests that this court Affirm the jury verdict As well as the judgment as to all counts Thank you Going back to Judge Volkin's question I was just looking back at Petrick That didn't involve a gun Because that would be the Petrick situation If I was just looking back here Apparently Petrick swung a hammer Used a hammer as a weapon But if he had used a gun That would have been Judge Loken's question Your position is That if he had used a gun That would have furthered the carjacking Even though the carjacking was complete at the time of the assault? My apologies I didn't understand the question In changing the facts of Patruck I assume that Because there was no carjacking You don't have the element of a 924C Had he used a firearm Because that is one of the elements That he did commit the carjacking But to that extent My question was hypothetical But what's the answer to it? I believe a reasonable jury could find That using a firearm down the road Would secure a getaway Such that it furthers the carjacking And that's probably a case for another day Thank you, Your Honor Verbal May it please the Court I do want to just take out the issue About the fact that At the time Mr. Clark encountered Deavy at the Bootsy facility He was in full control of the vehicle Because he was the one Who had driven it around the facility And the District Court actually even posited It's in the volume 4 of the trial transcript At page 313 That Mr. Clark His only option wasn't to point a gun at Deavy He could have driven the car through the fence If he wanted to Again, that shows that Because he's in full control of the vehicle The Long Pumpkin case just is not analogous here Because there This Court recognized There was a modicum of uncertainty Because the first taking The victim was actually still in the driver's seat And it was the defendant Who was holding a gun to their head So we're not sure if a jury could find That that was a taking or not But once they got to the hotel Everyone got out of the vehicle Except for the victim The victim was left in the driver's seat And so I think it's clear A jury could find that that's The defendant's losing possession of that vehicle Or ceding possession That didn't occur here Mr. Clark never got out of the vehicle And no one else ever got into the vehicle Again, Exhibit 6C Clearly documents a non-violent taking He hops the fence Gets into the vehicle And begins to drive it away Without anyone ever trying to stop him from doing it Or him using any level of force It's, again Not until he gets to the front of the facility Which takes about, you know 40 seconds to a minute That he encounters D.B. And brandishes the firearm So I just don't believe Long Pumpkin is analogous here And I don't believe the right case is either Because in Patrack, again This Court held that You do not have to reach a safe haven For a taking to be complete A taking is complete Once you acquire initial control over the vehicle Which is what I believe Mr. Clark did here When he got in the car and began to use it And what's the case for that proposition That a taking occurs when you get initial control? Patrack uses that language, Your Honor And it clarifies what the Court held in write And so, for those reasons, Your Honor I see my time is about to expire We'd ask that the Court reverse Counts 2 through 5 Thank you very much Thank you, Counsel Case has been thoroughly and well briefed and argued And we'll take it under advisement